IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD L. SMITH,

    Plaintiff,                    No. CIV S-10-0766 DAD P

    vs.

CALIFORNIA STATE PRISON – SACRAMENTO, et al.,

    Defendants.                ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $56.15 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate

1

agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff identifies eleven individuals as defendants and alleges the following. On February 3, 2009, plaintiff was notified by prison officials that his human immunodeficiency virus (HIV) condition was covered under the Americans with Disabilities Act (ADA). Accordingly, plaintiff asked defendants Mini, Maseret, Woods, and Baker that he be housed in a single cell based upon his disability. Defendants declined plaintiff's request and instead placed plaintiff with a new cellmate on February 13, 2009. On February 25, 2009, plaintiff was stabbed eight times by his cellmate. (Compl., Attach. at 1-3.)

On January 11, 2010, plaintiff voluntarily submitted to administrative segregation out of fear for his safety. In response, the associate warden authorized a sixty day administrative

segregation stay and ordered an investigation into plaintiff's claims. However, on February 10, 2010, defendant Mini lied by informing the Chief Deputy Warden that the investigation had been completed and that plaintiff's fears were unfounded. Moreover, defendant Mini recommended that plaintiff be removed from administrative segregation and be returned to double cell housing. (Compl., Attach at 3-4.)

When plaintiff refused to leave administrative segregation, he was charged with a disciplinary violation. In plaintiff's view, the disciplinary charges issued against him violated his due process rights because defendants Edwards, Neilson, and Johnson did not allow plaintiff to present witnesses in his defense. Also, according to plaintiff, defendants Martincek, Heintschel, and Bal allowed other prison officials to "withhold the truth." (Compl., Attach at 4-5.)

Finally, plaintiff lists a potpourri of other allegations in his complaint. First, plaintiff alleges that a Sgt. Caron (who is not identified as a defendant in this action) confiscated plaintiff's towel, spoon, toothbrush, blanket, and tennis shoes. Second, plaintiff alleges that Sgt. Caron forces him to use rusty hair and nail clippers. Third, plaintiff protests that prison officials open his legal mail. Fourth, plaintiff complains that an individual by the name of Pereira (who is also not identified as a defendant in this action) screens plaintiff's inmate appeals and rejects his claims against prison officials. Fifth, plaintiff alleges that defendant Bal is deliberately indifferent to his medical needs and has denied plaintiff adequate nutrition, a chair with a cushion, a razor, a reasonable mattress, and soft shoes. (Compl., Attach. at 6-7.)

**DISCUSSION**

The allegations of plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In this regard, plaintiff must allege, with at least some degree of particularity, overt acts which each defendant engaged

in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a), the complaint must be dismissed.  The court will, however, grant plaintiff leave to file an amended complaint.  Moreover, the court advises plaintiff of the following legal standards that appear to govern the claims he is attempting to present.

I. Cell Assignments

If plaintiff elects to file an amended complaint, he is first advised that it is well-established that an inmate does not have a constitutional right to be housed in a particular cell or unit within a correctional facility.  See Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985).  Accordingly, plaintiff's allegation that defendants Mini, Maseret, Woods, and Baker denied his request to be housed in a single cell does not, in of itself, state a cognizable § 1983 claim.

II. Failure to Protect

However, to the extent that plaintiff is attempting to allege that the defendants failed to protect him by placing him in a double cell with an inmate who subsequently stabbed him, plaintiff is advised that under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).   Nevertheless, a prison official violates the Eighth Amendment in this respect "only if he knows that [an] inmate face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  Thus, to state a cognizable failure to protect claim against defendants Mini, Maseret, Woods, and Baker, plaintiff must allege facts showing that these defendants knew he faced a substantial risk of being stabbed by his new cellmate but that the defendants chose to ignore that risk.

III. Inadequate Medical Care

Similarly, to state a cognizable inadequate medical care claim under the Eighth Amendment, plaintiff must allege facts showing that the defendants were deliberately indifferent to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A medical need is

serious in this regard if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Doty, 37 F.3d at 546 (quoting McGuckin, 974 F.2d at 1059). Accordingly, if plaintiff wishes to pursue this claim against defendant Bal, in his amended complaint he should explain for what medical purpose he needs a chair with a cushion, a razor, a "reasonable" mattress, and soft shoes. Moreover, plaintiff should allege facts showing that defendant Bal was aware of these medical needs but responded to them with deliberate indifference.

IV.  Conditions of Confinement

Under the Eighth Amendment, prison officials also have a duty to ensure that an inmate is provided with adequate sanitation. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citing Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). Here, plaintiff's allegation that Sergeant Caron forces him to use rusty hair clippers and nail clippers is too vague to state a cognizable claim. If plaintiff pursues this claim in any amended complaint he elects to file, he must allege facts showing that he is being deprived of "life's necessities" and that a named defendant is deliberately denying him access to them. See Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

V.  Due Process

To the extent that plaintiff challenges the procedures surrounding his disciplinary violation, he is advised that one alleging a procedural due process violation under the Fourteenth Amendment must demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002). In the prison disciplinary context, an inmate may be deprived of a protected liberty interest if the disputed disciplinary action imposed an "atypical and significant hardship in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

       Here, plaintiff has explained why he believes the procedures of his disciplinary hearing were deficient. Plaintiff has not, however, alleged facts demonstrating that the disciplinary action now in dispute deprived him of a protected liberty interest. Therefore, if plaintiff pursues this claim in his amended complaint he should allege facts demonstrating how the disciplinary action imposed an "atypical and significant hardship in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. See, e.g., Wilkinson v. Austin, 545 U.S. 209 223-24 (2005) (holding that the assignment to Ohio's supermax facility imposed an atypical and significant hardship due to the solitary confinement-type conditions).

VI.  <u>Legal Mail</u>

       A prisoner has a First Amendment right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). To establish a violation of the right of access to the courts, a prisoner must establish that he has suffered an "actual injury" as a result of a prison official's misconduct. Id. at 351-52. Here, plaintiff has not alleged in his complaint that he has missed a court deadline or otherwise defaulted in a lawsuit because prison officials are opening and confiscating his legal mail. See id. at 348. Accordingly, plaintiff's complaint fails to state a cognizable access to the courts claim.

VII.  <u>Deprivation of Property</u>

       The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a [prison official] does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, plaintiff's allegations against Sgt. Caron appear to involve unauthorized, intentional deprivations of property, for which the California Legislature has provided a tort remedy under California Government Code §§ 900, et seq. See id. at 533. Accordingly, plaintiff's allegations fail to state a cognizable due process claim in this regard, and plaintiff is advised not to reassert this claim in any amended complaint he elects to file. See Parratt v. Taylor, 451 U.S. 527 (1981)

1  (holding that a prisoner alleging the deprivation of property as a result of a state agent's failure to
2  follow procedures failed to state a cognizable due process claim); overruled on other grounds by,
3  Daniels v. Williams, 474 U.S. 327 (1986) (holding that a prisoner alleging a lack of due care by
4  state officials failed to state a due process claim).

VIII.  Grievance Process

It is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Therefore, when a prison official screens-out or otherwise denies a prisoner's grievance, the prison official does not deprive the prisoner of any constitutional right.  See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or otherwise ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate grievances without any basis failed to demonstrate a deprivation of federal rights).  Accordingly, plaintiff's allegation that prison officials screen out his inmate appeals fails to state a cognizable claim, and plaintiff is advised not to reassert this claim in any amended complaint he elects to file.

IX.  Leave to Amend

Finally, plaintiff is advised that once he files an amended complaint, the court cannot refer to his prior pleadings to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, in his amended complaint, as in /////

his original complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

**OTHER MATTERS**

On March 31, 2010, plaintiff filed a motion for an emergency injunction. In his motion, plaintiff requests that HIV inmates be segregated from the main population due to health and safety concerns. Plaintiff indicates that he has been stabbed in the past due to his HIV disability. (Mot. for Emergency Inj. at 1-9.)

At this initial stage of the litigation, plaintiff may not seek preliminary injunctive relief. As explained above, plaintiff's complaint will be dismissed with leave to file an amended complaint. Therefore, the court lacks jurisdiction to issue an injunction against any of the named defendants. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, plaintiff's motion for preliminary injunctive relief must be denied as premature.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 19, 2010 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $56.15. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

6. Plaintiff's March 31, 2010 motion for an emergency injunction (Doc. No. 1) is denied as premature.

DATED: September 15, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
smit0766.14+tro