IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD L. SMITH,

    Plaintiff,                       No. CIV S-10-0766 DAD P

    vs.

CALIFORNIA STATE PRISON –
SACRAMENTO, et al.,            ORDER AND

    Defendants.              FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983. On June 21, 2011, defendants Baker, Bal, Harvey, Hontz, Karelas, Macomber, Masuret, Mini, Schroeder, and Woods moved to dismiss this action, arguing that plaintiff failed to exhaust his available administrative remedies prior to filing this suit as required. Plaintiff has filed an opposition to the motion and defendants have filed a reply.

**BACKGROUND**

        Plaintiff is proceeding on an amended complaint against defendants Baker, Bal, Harvey, Hontz, Karelas, Macomber, Masuret, Mini, Schroeder, and Woods. Therein, plaintiff alleges that he is disabled and suffers from HIV and other related medical conditions. He further alleges that he has a single-cell chrono for medical reasons, but defendants forced him to accept a cellmate who ultimately stabbed him eight times. Plaintiff claims that the named defendants

1

failed to protect him, failed to provide him with adequate medical care, and denied him due process in connection with an investigation as to whether his life was in danger if he had a cell-mate.  (Am. Compl. at 8 & Attachs.)

**DEFENDANTS' MOTION TO DISMISS**

I. <u>Defendants' Motion</u>

Counsel for defendants argues that plaintiff failed to exhaust his available administrative remedies prior to filing this suit as required.  Specifically, defense counsel argues that plaintiff used the administrative grievance process to raise the following claims relevant to this action: (1) prison officials have failed to assign him to segregated HIV-housing, (2) the Institution Classification Committee (ICC), which included defendants Hontz, Macomber, and Schroeder, used "manipulative and deceptive practice" to have plaintiff "sign off" on an enemy thereby placing his life in danger, (3) plaintiff is a "medically mandated prisoner" who is being illegally housed at CSP-Sacramento, a non-mandated medical facility, (4) plaintiff received a frivolous Rules Violation Report (A/S-10-02-015) for refusing a housing assignment, (5) plaintiff is not receiving adequate medical care because he is being denied medical marijuana, (6) defendants Baker, Mini, and Karelas failed to protect plaintiff in connection with his cell assignment, and (7) plaintiff's health and his the health of his fellow-inmates is endangered because prison officials will not allow plaintiff to have a single cell.  However, defense counsel argues that plaintiff failed to obtain a director's level decision in response to any of these claims before he filed this civil action, thereby failing to satisfy the exhaustion requirement.  (Defs.' Mot. to Dismiss at 6-8.)

II. <u>Plaintiff's Opposition</u>

In opposition to defendants' motion to dismiss, plaintiff argues that he administratively exhausted all of his claims.  Plaintiff contends that the court should deem exhausted any appeals that prison officials rejected or screened out.  Plaintiff also contends that

/////

1  prison officials granted him relief in response to some of his appeals, so he was not required to
2  pursue those claims any further. (Pl's Opp'n to Defs.' Mot. to Dismiss at 3-7.)
3  III. Defendants' Reply
4        In reply, defense counsel reiterates that plaintiff failed to exhaust the claims set
5  forth in his complaint before he filed this suit. Counsel contends that a partial grant of plaintiff's
6  inmate appeal is insufficient to render the claims therein exhausted because plaintiff had the
7  opportunity to appeal to the director's level of review but chose not to do so. In addition, defense
8  counsel notes that plaintiff lists a series of appeals that prison officials screened out, but plaintiff
9  offers nothing more than his opinion that those "screen outs" improper. (Defs.' Reply at 2-5.)

**ANALYSIS**

I. Legal Standards Applicable to a Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)

      By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

      The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

/////

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review. See id. § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense. See Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

II. Discussion

The court finds that plaintiff failed to exhaust his constitutional claims against the named defendants prior to filing his amended complaint, the operative pleading in this action. Specifically, plaintiff has filed at least twenty-nine inmate appeals at CSP-Sacramento, but pursued only nine of his appeals to the director's level of review. (Defs.' Mot. to Dismiss Exs. A-D (Exs. 1-34).) Of those nine appeals plaintiff pursued to the third and final level of review only three, Appeal Log # SAC-S-10-01432, Appeal Log # SAC-10-10-11540, and Appeal Log # SAC-10-10-10216, relate to the claims plaintiff has raised against defendants in his complaint

4

filed in this case. (Id. at Ex. A (Ex. 5) & Ex. D (Exs. 27 & 29).) The court will address each of these inmate appeals plaintiff pursued through the director's level in turn.

First, in Appeal Log # SAC-S-10-01432, plaintiff parroted the claims that he asserts in his amended complaint against defendants Hontz, Macomber, and Schroder for their alleged conduct as part of the ICC. However, plaintiff's inmate appeal was still pending at the time he filed his amended complaint. (Defs.' Mot. to Dismiss n.3 & Ex. B (Ex. 19).) It is well established that a prisoner has not satisfied the exhaustion requirement if he files a complaint containing non-exhausted claims, even if he exhausts his administrative remedies while that complaint is pending. See Vaden v. Summerhill, 449 F.3d 1047, 1050-51 (9th Cir. 2006); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002); see also Rhodes v. Robinson, 621 F.3d 1002, 1007 (9th Cir. 2010) (new claims asserted in amended complaint are to be considered by the court so long as administrative remedies with respect to those new claims are exhausted before the amended complaint is tendered to the court for filing).

Second, in Appeal Log # SAC-10-10-11540, plaintiff asserted many of the general allegations he includes in his amended complaint regarding his dissatisfaction with his housing assignment and his concern regarding his safety and medical care. For example, in that inmate appeal plaintiff complained that he is an HIV prisoner and was improperly housed at CSP-Sacramento. He also complained that his life was in danger and that he had been stabbed eight times by a previous cellmate. Plaintiff asked prison officials for protection and single-cell status. (Defs.' Mot. to Dismiss Ex. C (Ex. 23) & Ex. D (Ex. 29).) Although plaintiff sent this inmate appeal to the third level of review, the third level of review screened out the appeal because plaintiff had allegedly added several new issues to the appeal at that level. The reviewer advised plaintiff that if he would like to resubmit the appeal, he could do so but first needed to "LINE OUT" and initial the information/requests regarding any new issue(s). The reviewer also advised plaintiff that he considered issue numbers 2-6 reflected in plaintiff's attachment to be new issues. However, plaintiff never re-submitted this appeal to the third level of review. Nor can this court

say that prison officials improperly screened out plaintiff's appeal. See Sapp v. Kimbrell, 623 F.3d 813, 825 (9th Cir. 2010) (upholding prison officials' decision to screen out an appeal because the plaintiff included a new issue at the second level of review and California Code of Regulations, title 15, § 3084.5 requires that an inmate present a complaint as the first level of the administrative process).[1]

Finally, in Appeal Log # SAC-10-10-10216, plaintiff complained that he was not receiving adequate medical care from prison doctors at CSP-Sacramento because he was being denied medical marijuana. In particular, plaintiff explained in that inmate appeal that he saw Dr. Nanagalama and another doctor he had never seen before regarding this issue but it still had not been resolved. (Defs.' Mot. to Dismiss Ex. C (Ex. 22) & Ex. D (Ex. 27).) Plaintiff pursued this inmate appeal through the third level of review after he commenced this action but before he filed his amended complaint. Even assuming that this latter claim was exhausted before it was

---

[1] In Sapp the Ninth Circuit also observed that:

> In reaching this conclusion, we do not foreclose the possibility that exhaustion might also be excused where repeated rejections of an inmate's grievances at the screening stage give rise to a reasonable good faith belief that administrative remedies are effectively unavailable. Such an excuse is not available here, however, because, despite the repeated screenings, Sapp could have no reasonable belief that administrative remedies were effectively unavailable. Kimbrell specifically instructed Sapp on how to seek medical care, and on how to appeal any denial of care, but Sapp did not follow those instructions.
>
> We further note that nothing in the district court record suggests that the prison had created draconian procedural requirements that would "trip[ ] up all but the most skillful prisoners" - which might also render administrative remedies effectively unavailable so as to excuse a failure to exhaust. See Ngo, 548 U.S. at 102, 126 S.t. 2378 (leaving open the possibility that an exception to the exhaustion requirement might exist in such circumstances). Sapp had a clear avenue to follow to receive medical care or to exhaust his remedies if he did not receive the desired care.

623 F.3d at 826-27. Likewise, in this case plaintiff was instructed in detail by the reviewer as to how to pursue his claims through the inmate appeal process. Plaintiff chose not to do so.

tendered to this court in the amended complaint[2], plaintiff has not asserted the claim against any named defendant. Rather, in his amended complaint plaintiff merely alleges that he argued in an inmate appeal that he was entitled to a "medical marijuana" card from a prison doctor because the State of California has adopted the position that he may have such a card while incarcerated. (Am. Compl. at 8.) Plaintiff does not allege that any of the defendants named in the amended complaint refused to provide him with a "medical marijuana" card or interfered with his ability to obtain such a card. Nor are Dr. Nanagalama or the "John Doe" doctor plaintiff references in his inmate appeal, defendants in this action. In any event, plaintiff's vague and conclusory allegation that he is entitled to medical marijuana while imprisoned fails to state a cognizable claim for relief under federal law. In this regard, it is well established that mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). See also Morris v. Schwarzenegger, Civil No. 10cv1305 JAH (NLS), 2010 WL 3369365 at *3 (S.D. Cal. Aug. 25, 2010) (plaintiff's claim that defendants refused to provide him with medical marijuana while he was incarcerated in state prison fails to rise to the level of an Eighth Amendment violation); Thomas v. United States Drug Enforcement Administration, Civil No. 09cv2916 W(CAB), 2010 WL 1506916 at *3 (S.D. Cal. Apr. 13, 2010) (same with respect to county jail inmate).

        To be sure, plaintiff's obligation to pursue administrative remedies persists only if some remedy remains available to him. See Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005). Plaintiff contends that prison officials granted him relief in response to some of his inmate

---

[2] As noted above, the Ninth Circuit has recently held that the PLRA's exhaustion requirement is satisfied where the prisoner plaintiff exhausted his administrative remedies with respect to new claims before tendering them to the court in an amended complaint. Rhodes v. Robinson, 621 F.3d 1002, 1004-07 (2010); see also Barnes v. Briley, 430 F.3d 673, 678 (7th Cir. 2005).

7

appeals. However, after reviewing plaintiff's various inmate appeals and prison officials responses thereto, this court cannot say that plaintiff had "received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available" thereby relieving him of his obligation to pursue his appeals through the director's level of review. Id. at 935.

For example, in Appeal Log # SAC-B-08-02402, plaintiff complained about his incarceration at CSP-Sacramento, a "non-mandated medical facility," and requested the following: (1) to see the administrative procedure that allowed prison officials to house him at CSP-Sacramento, (2) to be transferred to California Institution for Men East, (3) to stop being discriminated against by CCCMS, EOP and SNY, and (4) for his HIV medical condition to be represented by the Americans with Disabilities Act. Plaintiff pursued that inmate appeal through the second level of review where Warden James Walker partially granted the appeal because the first level reviewer had provided plaintiff with a copy of a CDCR Memorandum outlining the housing policy for inmate-patients with HIV. Although the warden denied all of plaintiff's other requests for relief, plaintiff chose not to pursue his appeal to the director's level of review. (Defs.' Mot. to Dismiss Ex. B (Ex. 19).) In so choosing, plaintiff failed to exhaust his administrative remedies with respect to those claims because additional remedies remained "available" to him.

Accordingly, for all of the foregoing reasons, the court will recommend that defendants' motion to dismiss based on plaintiff's failure to exhaust administrative remedies prior to filing his amended complaint be granted.[3]

/////

---

[3] In the pending motion to dismiss, defense counsel also argues that plaintiff's complaint fails to state a cognizable claim and that the named defendants are entitled to qualified immunity. In light of the recommendation set forth above that plaintiff's claims be dismissed due to his failure to exhaust his administrative remedies prior to filing his amended complaint, the court need not address these arguments.

**OTHER MATTERS**

Plaintiff has filed a motion "to invoke collateral estoppel" in which he appears to allege that prison officials have issued him a prison disciplinary infraction for business dealings by an inmate even though they previously found him not guilty of the same disciplinary offense in 2006. Plaintiff has also filed a motion for injunctive relief in which he requests, inter alia, to be transferred out of CSP-Sacramento. In light of the findings and recommendations herein, the court will recommend that these motions be denied as moot.

Also pending before the court is the United States Marshal's request for reimbursement in connection with services pursuant to Federal Rule of Civil Procedure 4(d). By way of background, on April 20, 2011, the court ordered the United States Marshal to serve process upon the defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on the defendants. If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendants in accordance with the provisions of Rule 4 and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On September 7, 2011, the United States Marshal filed a return of service with a USM-285 form showing total charges of $55.00 for effecting personal service on defendants Baker, Bal, Harvey, Hontz, Macomber, Masuret, Mini, Schroeder and Woods. The form shows that a waiver of service form was mailed to each defendant on April 22, 2011, and that no response was received from any of them.

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .

> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

The court finds that defendants Baker, Bal, Harvey, Hontz, Macomber, Masuret, Mini, Schroeder and Woods were given the opportunity required by Rule 4(d)(2) to waive service and failed to comply with the request. Therefore, reimbursement of the United States Marshal for cost of service on these defendants appears to be appropriate.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to randomly assign a United States District Judge to this action;

2. Within fourteen days from the date of this order defendants Baker, Bal, Harvey, Hontz, Macomber, Maserut, Mini, Schroeder and Woods shall each pay to the United States Marshal the sum of $55.00, unless within that time defendant files a written statement showing good cause for his failure to waive service. The court does not intend to extend this fourteen day period; and

3. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss based on plaintiff's failure to exhaust administrative remedies (Doc. No. 20) be granted;

2. All other pending motions (Doc. Nos. 53 & 54) be denied as moot; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
smit0766.57