IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD L. SMITH,

        Plaintiff,                      No. CIV S-10-0766 KJM DAD P

    vs.

CALIFORNIA STATE PRISON –
SACRAMENTO, et al.,

        Defendants.              <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983. On November 10, 2011, the undersigned issued findings and recommendations, recommending that defendants' motion to dismiss be granted based on plaintiff's failure to exhaust his administrative remedies prior to filing this action. The court also ordered defendants Baker, Bal, Harvey, Hontz, Macomber, Maserut, Mini, Schroeder and Woods to each pay to the United States Marshal the sum of $55.00, unless the defendants filed a written statement showing good cause for their failure to waive service.

        On November 21, 2011, defense counsel filed a timely response to the court's order requiring the defendants to pay the United States Marshal service costs. Therein, defense counsel explains that he received and signed the service waivers for each of the defendants and directed a legal analyst at the Office of the Attorney General to mail the signed waivers. The

legal analyst then placed the signed waivers in outgoing mail to the United States Marshal. Defense counsel has attached copies of each defendant's waiver of service of summons. In addition, both defense counsel Gomez and Legal Analyst Jumper have submitted declarations signed under penalty of perjury describing the actions they took to return the signed waivers of service of summons. (Gomez Decl. & Jumper Decl. & Ex. 1) Under these circumstances, and good cause appearing therefor, the court will relieve the defendants of having to pay the costs associated with service.

Also pending before the court is a new complaint filed by plaintiff on December 1, 2011. Therein, plaintiff repeats many of the same factual allegations he has included in his amended complaint in this case. The Clerk of the Court docketed plaintiff's complaint as a second amended complaint in this action. Upon further review of the complaint, however, it appears that, having now exhausted his administrative remedies, plaintiff was attempting to initiate a new action in response to the undersigned's recommendation that this action be dismissed without prejudice due to his failure to exhaust administrative remedies prior to filing suit. (Compl. at 19.) Accordingly, the court will direct the Clerk of the Court to open a separate action, randomly assign a United States Magistrate Judge to the action, and file plaintiff's December 1, 2011 complaint in the new action.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants are relieved of having to pay the costs for service; and

2. The Clerk of the Court is directed to open a separate action, randomly assign a United States Magistrate Judge to the action, and file plaintiff's complaint (Doc. No. 59) in the new action.

DATED: January 4, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
smit0766.taxcost(2)